JACOB MILLER V. EMMA DALY.

FILED SEPTEMBER 23, 1898.   No. 8259.

**Amendment of Judgment.** In an action dismissed for want of juris-
diction, a simple judgment for the value of the property, en-
tered upon the express waiver by the defendant of the return of
the property to him, cannot, as a matter of right, almost a year
later, be amended upon his motion, so that the judgment shall
be for the return of the property or for its value.

ERROR from the district court of Lincoln county.
Tried below before NEVILLE, J.   *Affirmed.*

*Thomas C. Patterson*, for plaintiff in error.

*T. Fulton Gantt, contra.*

RYAN, C.

In the district court of Lincoln county, Emma Daly
began this action of replevin for the possession of certain
household goods which she alleged were wrongfully de-
tained from her by Jacob Miller, the sheriff of said
county.   After the property had been appraised and an
undertaking had been given, Miller appeared specially
and objected to the jurisdiction of the court in the cause
on various grounds.   This objection was sustained No-
vember 16, 1894.   On December 17, 1894, there was filed
on behalf of Emma Daly a motion "To assess the value
of the property wrongfully taken by plaintiff from de-
fendant in said action, and render judgment for the value
thereof in favor of defendant and against plaintiff, in
accordance with the provisions of section 193a of the Civil
Code of the state of Nebraska."   On December 18, 1894,
this motion was sustained, and in this connection the
record of the district court contains the recitations that
"Defendant waives return of property, and on hearing
the court finds the value of the property to be $300, and.
adjudges the damages of the defendant against plaintiff
to be $300, defendant to recover costs from plaintiff, to

all of which findings plaintiff duly excepts." On December 19, 1894, Emma Daly filed a motion for a rehearing in which were assigned various grounds, of which none was the same as that now presented. This motion was overruled December 20, 1894. On December 16, 1895, Jacob Miller, pursuant to a notice given a few days before, moved the court for an order as recited in the motion—"Correcting the mistake of the clerk of said court in entering up a judgment in said cause for money only, instead of in the alternative as required by section 190 of the Code." This motion was overruled and the error assigned is this ruling of the district court.

The order originally obtained was granted, as recited in the record, upon defendant's waiver of the return of the property replevied. Nearly a year after this order had been made upon the assent of the defendant in the district court, he appeared therein and moved for an alternative order for the return of the property, or its · value, under the provisions of a section of the Code of Civil Procedure applicable where there had been a trial to a jury, and this right to a correction at so late a date he predicates upon the alleged mistake of the clerk of the court. There is no bill of exceptions in this case and we cannot therefore consider the matters of evidence upon which the district court reached its conclusions of fact. If there was any mistake in this matter, it certainly was not the mistake of the clerk of the court, judging from the record upon which this case is submitted. Plaintiff in error assented to what, from the record, seems to have been the proper order. He acquiesced in that order for nearly a year, until after the return of an execution *nulla bona* against the defendant in error, and now asks to correct the alleged mistake as being one committed by the clerk of the court. The judgment for the simple value of the property was justified by the express waiver of the return of the property, and the correction sought is not a, clerical error, omission, or oversight. The relief sought requires to be made a radical

change of the recitation of a solemn admission upon which the court acted.. Under the circumstances the district court very properly refused to sustain the motion for relief, and its ruling is therefore

AFFIRMED.